CKP:DDB
F.#2005R001856

FILED
IN CLERKS OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ APR 27 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

NATHANIEL HAM,

      Defendant.

- - - - - - - - - - - - - - - - -X

I N D I C T M E N T

CR 10 - 336

(T. 18, U.S.C., §§ 1956(h),
982, 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c);
T. 31, U.S.C., §§ 5317(c),
5324(a)(3) and
5324(d)(2))

GARAUFIS, J.

AZRACK, M.J.

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless
otherwise indicated:

Structuring And Currency Reporting Requirements

1.  Transactions in currency were defined as transactions
involving the physical transfer of money, as defined in Title 31,
Code of Federal regulations, Section 103.11(ii).

2.  Domestic financial institutions were required to file
a Currency Transaction report (IRS Form 4789, hereinafter referred
to as a "CTR") with the Internal Revenue Service for each
transaction in currency, such as a deposit, withdrawal, exchange of
currency or other payment or transfer by, through or to a financial
institution, in excess of $10,000, as required by Title 31, United
States Code, Section 5313 and Title 31, Code of Federal
Regulations, Section 103.22(a).

3.   CTRs were filed with the Internal Revenue Service ("IRS") on forms which required, among other things, the identity of the individual who conducted the transaction (Part One of the CTR) and the individual or organization for whom the transaction was completed (Part Two of the CTR).

4.   CTRs were required to be filed to assist the United States in criminal, tax and regulatory investigations and proceedings, as stated in Title 31, Code of Federal Regulations, Section 103.21.

5.   "Structuring" financial transactions meant the breaking down of amounts of currency into amounts of $10,000 or less prior to transacting business with one or more domestic financial institutions or businesses in an attempt to evade currency reporting requirements, as defined in Title 31, Code of Federal regulations, Section 103.11(gg).

6.   NY Team Credit Union was a domestic financial institution.

COUNT ONE
(Conspiracy To Launder Money)

7.   The allegations contained in paragraphs 1 through 6 are realleged and incorporated as if fully set forth in this paragraph.

8.   In or about and between April 2000 and April 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant NATHANIEL HAM,

together with others, did knowingly and intentionally conspire to conduct one or more financial transactions, in and affecting interstate commerce, to wit: the transfer and delivery of United States currency, which transactions in fact involved the proceeds of specified unlawful activity, to wit: bribery in violation of Title 18, United States Code, Section 666, knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity: (a) with the intent to promote the carrying on of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT TWO
### (Structuring Financial Transactions)

9.  The allegations contained in paragraphs 1 through 6 are realleged and incorporated as if fully set forth in this paragraph.

10.  In or about and between April 2000 and April 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant NATHANIEL HAM,

together with others, for the purpose of evading the reporting requirements of Title 31, United States Code, Sections 5313(a), and the regulations prescribed thereunder, did knowingly and intentionally structure and assist in structuring transactions with one or more domestic financial institutions, to wit: NY Team Credit Union, by: (a) breaking amounts of currency in excess of $10,000 into amounts of less than $10,000, and (b) withdrawing the smaller amounts of currency from accounts with one or more domestic financial institutions.

(Title 31, United States Code, Sections 5324(a)(3) and 5324(d)(2); Title 18 United States Code, Sections 2 and 3551 <u>et seq.</u>)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE

11.  The United States hereby gives notice to the defendant NATHANIEL HAM, that upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982, which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable to such property.

12.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)  cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, 982; Title 21, United States Code, Section 853(p)).

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWO

13.   The United States hereby gives notice to the defendant NATHANIEL HAM, that upon his conviction of the offense charged in Count Two, the government will seek forfeiture in accordance with Title 31, United States Code, Section 5317(c)(1), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable to such property.

14.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 31, United States Code, Section 5317(c)(1)(B)), to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 31, United States Code, Section 5317(c); Title 21, United States Code, Section 853(p)).

A TRUE BILL

_____
FOREPERSON

_____
BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

No. 2005R01856

# UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK

THE UNITED STATES OF AMERICA

vs.

NATHANIEL HAM,

Defendant(s).

## I N D I C T M E N T

(T. 18, U.S.C., §§ 1956(h), 982, 2 and
and 3551 et seq.; T. 21 U.S.C. § 853(p);
T. 28, U.S.C., § 2461(c); T. 31 U.S.C.
§§ 5317(c), 5324(a)(3) and 5324(d)(2))

A true bill.

_____
Foreman

Filed in open court this _____ day,

of _____ A.D. 19 _____

_____
Clerk

Bail, $ _____

_____
DANIEL BROWNELL, AUSA   (718) 254-6392

FORM DBD.34
JUN.85